# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DARRYL LLOYD WHITE, ) | |
| ) | 2:06-cv-00484-RCJ-GJJ |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KENNY C. GUINN, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## INTRODUCTION

This matter comes before the Court on Plaintiff Darryl Lloyd White's Motions for Temporary Restraining Order (#31, #20), Preliminary Injunction (#32, #21), and Summary Judgment (#36) and Defendants Kenny Guinn, Brian Sandoval, Dean Heller, Glen Whorton, Greg Cox, and Dwight Neven's (collectively "Defendants") Motion to Strike (#38). The Court has considered Plaintiff and Defendants' Motions and the pleadings on file on behalf of all parties. IT IS HEREBY ORDERED that Plaintiff's Motions for Temporary Restraining Order (#31), Preliminary Injunction (#32), and Summary Judgment (#36) are *denied*. IT IS FURTHER ORDERED that Defendants' Motion to Strike (#38) is *denied*.

## BACKGROUND

Plaintiff Darryl Lloyd White is a *pro se* litigant. Plaintiff filed his complaint alleging a civil rights violations under 42 U.S.C. § 1983 for alleged deprivation of his constitutional right to adequate shelter–specifically, inadequate lighting in his cell. Plaintiff claims the lighting conditions

1  in his cell fall below the minimum level required. Upon notifying prison officials of his complaint,
2  Warden Neven conducted light readings in Plaintiff's cell. With the main bank of lights on, the light
3  readings ranged from 73.4 foot-candles to 75.9 foot-candles. (#34, Exhibit A). The light level with
4  the main bank of lights off was 21 foot-candles, still above the Adult Correctional Institution
5  requirement of 20 foot-candles. After conducting the light readings, Warden Neven informed
6  Plaintiff that he could purchase a portable light for his personal use within his cell. However,
7  Plaintiff filed the present suit requesting Defendants install a light switch in his cell.
8       In addition to the lighting issue, Plaintiff is seeking a Preliminary Injunction to prohibit the
9  Defendants from forcing Plaintiff to relinquish possession of his typewriter.[1] On May 16, 2007,
10 Defendant Baca issued a memorandum regarding a ban of all inmates' typewriters from NDOC due
11 to an incident that occurred at the Defendants' maximum security prison–an inmate took his carriage
12 return rod out of his typewriter, made a weapon out of it, and injured his roommate. In response to
13 this incident, Defendants revised its policy to prohibit inmates from having typewriters in their cell.
14 The new policy classifies typewriters as contraband. Plaintiff, although not contained in his
15 complaint, alleges this constitutes retaliation because of the present law suit. Thus, Plaintiff seeks
16 injunctive relief and summary judgment on his claims against Defendants.

17                              **ANALYSIS**

18    **A.    Injunctive Relief.**

19     Plaintiff requests a temporary restraining order and preliminary injunction to (1) have a light
20 switch installed in his cell, and (2) prohibit Defendants from taking his typewriter and/or from
21 revising AR 711 to reflect that inmates' typewriters are or will become contraband and/or
22 unauthorized property after June 14, 2007.

23 ──────────────────

24    [1] Plaintiff's Complaint is limited to an Eighth Amendment claim regarding inadequate lighting.

25

1   The Ninth Circuit utilizes two alternative tests for evaluating the issuance of injunctive relief. Traditionally, the applicant was required to demonstrate: (1) a likelihood of success on the merits; (2) a significant threat of irreparable injury; (3) that the balance of hardships favors the applicant; and (4) whether any public interest favors granting the injunction. *Raich v. Ashcroft*, 352 F.3d 1222, 1227 (9th Cir. 2003).

Recently the Ninth Circuit has employed an alternate standard, requiring the applicant to establish either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised going to the merits, and the balance of hardships tips sharply in the applicant's favor. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). The two tests are not inconsistent, as both "represent a continuum of equitable discretion, whereby 'the greater the relative hardship to the moving party, the less probability of success must be shown.'" *Raich*, 352 F.3d at 1227 (citing *Nat'l Center for Immigrants Rights, Inc. v. INS*, 743 F.2d 1365, 1369 (9th Cir. 1984)).

The Prison Litigation Reform Act of 1995 ("PLRA") restricts the power of the court to grant prospective relief in any action involving prison conditions. *Oluwa v. Comez*, 133 F.3d 1237, 1239 (9th Cir. 1998)(citing 18 U.S.C. § 3626(a)). Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the federal right of a particular plaintiff or plaintiffs. Th court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violations of the federal right, and is the least intrusive means necessary to correct he violation of the federal right. 18 U.S.C. § 3626(a)(1). Although the PLRA "significantly affects the type of prospective injunctive relief that may be awarded, it has not substantially changed the threshold findings and standards required to justify an injunction." *Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001).

1. **Likelihood of Success on the Merits.**

Plaintiff's complaint alleges that Defendants violated Plaintiff's Eighth Amendment rights. The Eighth Amendment dictates that cruel and unusual punishment shall not be inflicted, U.S. CONST. amend VIII, and it is applicable to the states by reason of the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 675 (1962). The Constitution "does not mandate comfortable prisons," and only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation. *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981).

"To sustain an Eighth Amendment claim, the plaintiff must prove a denial of the minimum civilized measure of life's necessities occurring through a deliberate indifference by prison personnel or officers." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (constant illumination causing the prisoner harm is unconstitutional). The Supreme Court ruled that a prisoner's challenge to conditions of confinement must include both an objective (was the deprivation sufficiently serious?) and subjective (did the officials act with a sufficiently culpable state of mind?) component. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). "These cases mandate inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Id.*

"Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985). A prisoner's constitutional rights are infringed by either constant illumination, *see Keenan*, 83 F.3d at 1089, or inadequate lighting causing eye strain and fatigue. *See Hoptowit*, 753 F.2d at 783. Proper lighting in the cell must, at a minimum, be twenty foot-candles. *Gates v. Cook*, 376 F.3d 323, 342 (5th Cir. 2004). At twenty foot-candles proper activities, such as reading, can take place. *Id*.

Plaintiff is not entitled to injunctive relief because he cannot show that he is likely to prevail on the merits. Upon receiving Plaintiff's verbal and written correspondence indicating his concern

1 that the prison does not provide adequate lighting in his HDSP cell for reading, writing, and typing,
2 Alexander Archie (Compliance Enforcement Supervisor), Keith Jaquillard (Compliance
3 Enforcement Officer), and Warden Neven visited Plaintiff's cell to conduct an interview and obtain
4 light readings. (#34, Exhibit A). With the main bank of lights on, the light readings ranged from
5 73.4 foot-candles to 75.9 foot-candles. *Id.* These readings are well above the minimum standard
6 of 20 foot candles. With the main bank of lights off, the light readings fluctuated near 21.9 foot-
7 candles–still above the minimum standard. *Id.*

8 To sustain an Eighth Amendment claim, the Plaintiff must prove a denial of the minimum
9 civilized measure of life's necessities occurring through a deliberate indifference by prison personnel
10 or officers. Thus, Plaintiff must prove a denial of 20 foot-candles of light in his cell. As the
11 evidence indicates, Plaintiff is receiving more than the minimum requirement of 20 foot-candles of
12 light. Furthermore, Plaintiff is unlikely to establish that the prison official acted with deliberate
13 indifference. Upon receiving Plaintiff's complaints, Warden Neven did not ignore the complaint,
14 but instead conducted an interview with the Plaintiff, measured the light in his cell, and told him he
15 could purchase his own portable light to use within his cell. *Id.* Thus, Warden Neven was not
16 indifferent to Plaintiff's needs. Instead of purchasing a separate light to satisfy his needs, Plaintiff
17 desires to have a personal light switch installed in his cell.

18 Plaintiff cannot establish that he is likely to succeed on the merits. The light in his cell is
19 above the minimum level of 20 foot-candles required. Regarding Plaintiff's request to enjoin
20 Defendants from removing Plaintiff's typewriter, Plaintiff has not filed a cause of action that would
21 reflect this issue. Therefore, Plaintiff cannot demonstrate a likelihood of success on the merits with
22 regard to enjoining Defendants from removing his typewriter.
23 . . .
24

**2.     Irreparable Harm.**

Although Plaintiff cannot establish a likelihood of success on the merits, Plaintiff may be entitled to injunctive relief if (1) Plaintiff shows that there are serious questions as to the merits of Plaintiff's claims and (2) the balance of hardships weigh in Plaintiff's favor. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Regarding the "serious questions" requirement, the same arguments set forth under the "likelihood of success on the merits" section are applicable here. Under this alternative test, the required degree of irreparable harm increases as the probability of success decreases. *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000).

As discussed above, Plaintiff's probability of success on the merits is low. The evidence demonstrates that the Defendants are not denying the Plaintiff of the minimum civilized measures of life's necessities. However, Plaintiff may still be entitled to injunctive relief if he can show that there is a high degree of irreparable harm that tips in his favor. Plaintiff simply cannot make this showing. Requiring Defendants to install a light switch in Plaintiff's cell would be timely and costly. Other inmates would require the same treatment, thereby increasing costs. There are other means to provide Plaintiff with the light he requests–such as a personal light as proposed by Warden Neven. Regarding Plaintiff's irreparable harm, Plaintiff has not shown how he is being irreparably harmed. Therefore, Plaintiff's Motions for a Preliminary Injunction and Temporary Restraining Order are *denied*. (#31 and #32).

**B.     Summary Judgment.**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

1  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where reasonable minds

2  could differ on the material facts at issue, summary judgment is not appropriate.  *Warren v. City of*

3  *Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  As summary judgment allows a court to dispose of

4  factually unsupported claims, the court construes the evidence in the light most favorable to the

5  nonmoving party.  *Bagdadi v. Nazari*, 84 F.3d 1194, 1197 (9th Cir. 1996).

6        The moving party bears the burden of informing the court of the basis for its motion, together

7  with evidence demonstrating the absence of any genuine issue of material fact.  *Celotex*, 477 U.S. at

8  323.  Once the moving party has met its burden, the party opposing the motion may not rest on the

9  mere allegations or denials of its pleadings, but must set forth specific facts showing that there is a

10 genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When the

11 nonmoving party bears the burden of a claim or defense at trial, the moving party can meet its initial

12 burden on summary judgment by showing that there is an absence of evidence to support the

13 nonmoving party's case.  *Celotex*, 477 U.S. at 325.  Conversely, when the moving party bears the

14 burden of proof at trial, then it must establish each element of its case at summary judgment.

15       As an essential element of his case, Plaintiff must show that the Defendants are denying

16 Plaintiff of the minimal civilized measure of life's necessities.  In terms of lighting, Plaintiff must

17 establish that the lighting in his cell falls below the 20 foot-candle level.  However, evidence

18 submitted demonstrates that the light in Plaintiff's cell is over 70 foot-candles with the main bank

19 of lights on, and 21 foot-candles with the main bank of lights off.  This evidence is in direct

20 contradiction to an essential element Plaintiff must establish to be entitled to summary judgment.

21 Therefore, Plaintiff's Motion for Summary Judgment (#36) is *denied*.

22       **CONCLUSION**

23    IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order (#31,

24 #20), Motion for Preliminary Injunction (#32, #21), and Motion for Summary Judgment (#36) are

25       Page 7 of  8

*denied*. It is essential to each motion that Plaintiff establish the lighting in his cell fell below the minimal civilized measure of life's necessities, which is at the 20 foot-candle level. However, the evidence demonstrates the opposite and shows that the lighting in his cell is above that level. Thus, Plaintiff is not entitled to the relief requested in the Motions before this Court.

IT IS FURTHER ORDERED that Defendants' Motion to Strike is *denied*. (#38).

DATED: March 18, 2008

_____
ROBERT C. JONES
UNITED STATES DISTRICT COURT JUDGE

(jb)